UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24615-RAR

**RYDER TRUCK RENTAL, INC.** *d/b/a*
**RYDER TRANSPORTATION SERVICES**,

    Plaintiff,

v.

**ALL WAYS AUTO TRANSPORT, LLC**,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO
QUASH ATTEMPTED SERVICE OF PROCESS**

**THIS CAUSE** comes before the Court upon Defendant All Ways Auto Transport, LLC's Motion to Quash Attempted Service of Process ("Motion"), [ECF No. 8].[1] Plaintiff Ryder Truck Rental, Inc. ("Ryder"), a Florida corporation, initiated this action on November 22, 2024, [ECF No. 1], alleging that Defendant All Ways Auto Transport, LLC's ("Transport"), an Illinois limited liability company, breached its Truck Lease & Service Schedule Agreement ("TLSA") with Ryder. Transport has no business operations in Florida. Mot. at 5. On November 25, 2024, a summons was issued as to Transport, [ECF No. 3]. Service was required on or before February 20, 2025. *See* FED. R. CIV. P. 4(m). On February 8, 2025, the Court granted an extension of time through March 31, 2025, for Plaintiff to serve Defendant. [ECF No. 9]. On February 17, 2025, Plaintiff filed a notice, [ECF No. 7], indicating that it had served Defendant on February 13, 2025, by personally serving Nevena Georgieva—who Plaintiff says is Defendant's employee—at her home in Illinois.

---

[1] The Motion is fully briefed. Plaintiff filed a response to the Motion ("Response"), [ECF No. 14], on March 28, 2025, and Defendant filed a reply ("Reply"), [ECF No. 18], on April 14, 2025.

On March 13, 2025, Defendant filed the Motion, requesting the Court to quash Plaintiff's attempted service of process as insufficient. *See generally* Mot. For the reasons stated herein, Plaintiff's Motion is **GRANTED**.

Federal Rule of Civil Procedure 12(b)(5) permits challenges to the sufficiency of service. "[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Andujar v. All Coast Transporters, Inc.*, No. 12-62091, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) (citing *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980); *see also* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (4th ed. 2025) ("The party on whose behalf service of process is made has the burden of establishing its validity when challenged; to do so, she must demonstrate that the procedure employed to deliver the papers satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.").

A plaintiff may serve a corporation, partnership, or association in the United States under Federal Rule of Civil Procedure 4(h)(1) following the law of the state "where the district court is located or where service is made," FED. R. CIV. P 4(e)(1), (h)(1)(A), or under Federal Rule of Civil Procedure 4(h)(2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process," FED. R. CIV. P 4(h)(1)(B).

Plaintiff maintains that service was proper under Rule 4(h)(1)(A) because Fla. Stat. § 48.071 and Fla. Stat. § 48.081 "allow[ ] service on corporate entities through their agents." Resp. at 3. Fla. Stat. § 48.071, however, applies only to service upon a "natural person or partnership not residing or having a principal place of business in [Florida]" and who "engages in business in

[Florida]." Fla. Stat. § 48.071. Because Transport is not a natural person or partnership and does not transact business in Florida, Fla. Stat. § 48.071 is inapplicable here.

Fla. Stat. § 48.081 is likewise inapposite because it applies only to service upon a domestic Florida corporation or a "registered foreign corporation," meaning "a foreign corporation that has an active certificate of authority to transact business in [Florida] pursuant to a record filed with the Department of State." Fla. Stat. § 48.081(1). Transport is a limited liability company, not a corporation; and there is no indication in the record that Transport has an active certificate of authority to transact business in Florida. Accordingly, Fla. Stat. § 48.081 is also inapplicable. As such, Plaintiff fails to establish that service was proper under Rule 4(h)(1)(A).[2]

Plaintiff also maintains that service was proper under Rule 4(h)(1)(B). However, there is no indication in the record that Nevena Georgieva is an "officer" or "agent authorized . . . to receive service of process," for Transport. FED. R. CIV. P. 4(h)(1)(B). Plaintiff also fails to establish that Nevena Georgieva is a "managing or general agent" of Transport. *Id.* Georgieva has submitted an affidavit indicating that she is not an employee of Transport, but rather is an "employee of NGBG Inc., which provided bookkeeping services to [Transport] as an independent contractor." Mot. at 8. Plaintiff counters that Georgieva "always acted as Defendant's agent" because she "had an email account with Defendant and conducted business with Ryder using that address," including communications that "concerned paying Ryder." Resp. at 4.

Even if Georgieva, as an independent contractor, could act as Defendant's agent in certain circumstances, the fact that Georgieva used a company email account and communicated with Ryder regarding certain payments does not establish that she was a "managing or general agent."

---

[2] The procedures for service on Florida limited liability companies and registered foreign limited liability companies is described in Fla. Stat. § 48.062. The procedures for service on foreign business entities engaging in business in Florida or concealing their whereabouts is described in Fla. Stat. § 48.181. The parties have not briefed whether service was proper under either of these provisions.

Although the Federal Rules of Civil Procedure do not define the term "managing or general agent," federal courts have explained that the term "does not refer simply to any agent of the corporation, but rather it connotes one who operates at the corporation's highest levels, or at least has overall authority to make high-level decisions on the part of the corporation." *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-CV-467-CEH-AEP, 2021 WL 3712965, at *3 (M.D. Fla. Aug. 3, 2021), *report & recommendation adopted*, 2021 WL 3709639 (M.D. Fla. Aug. 20, 2021) (citing *Kumer v. Hezbollah*, 18-CV-7449 (CBA), 2020 WL 6146622, at *2 (E.D.N.Y. Oct. 20, 2020)). Thus, a "managing or general agent" must be an individual "invested with general powers involving the exercise of independent judgment and discretion." *Jim Fox Enter., Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981); *see also Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004) (stating that a "managing agent" is one "vested with powers of discretion rather than being under direct superior control"); *Kumer*, 2020 WL 6146622, at *2 (noting that a "managing or general agent" is a person "invested with powers of discretion and must exercise judgment in his duties, rather than being under direct superior control as to the extent of his duty and the manner in which he executes it").

Plaintiff submits emails indicating that Georgieva communicated with Ryder regarding payments and other bookkeeping matters using a Transport email address. *See* [ECF Nos. 14-1, 14-2]. But this does not demonstrate anything beyond a ministerial role consistent with Georgieva's representation that she provided bookkeeping services to Transport as an independent contractor. *See* Mot. at 8. And even if this limited authority could show that Georgieva was Transport's agent for certain purposes, it plainly does not rise to the level of "overall authority to make high-level decisions on the part of the corporation," *Estes*, 2021 WL 3712965, at *3, or "general powers involving the exercise of independent judgment and discretion," *Jim Fox Enter.,*

*Inc.*, 664 F.2d at 64, necessary to establish that she is Transport's "managing or general agent" for purposes of Rule 4(h)(1)(B).  As such, Plaintiff fails to establish that service was proper under Rule 4(h)(1)(A).  Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 11], is **GRANTED** and Plaintiff's attempted service on Defendant, [ECF No. 7], is **QUASHED**.  On or before **June 16, 2025**, Plaintiff shall perfect service upon Defendant or show good cause as to why this action should not be dismissed for failure to perfect service of process.  Failure to file proof of service or show good cause by **June 16, 2025**, will result in a dismissal of this action without further notice.

**DONE AND ORDERED** in Miami, Florida, this 30th day of April, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**